Elizabeth L. O'BRIEN, Edward B. Lee, Custis G. Meade, Appellants,

v.

Fred J. RICE, Sr., Appellee.

Fred J. RICE, Sr., Appellant,

v.

Elizabeth L. O'BRIEN, Edward B. Lee, Custis G. Meade, Appellees.

Nos. 1780–1785.

Municipal Court of Appeals for the District of Columbia.

Argued April 23, 1956.

Decided June 11, 1956.

John H. Burnett, Washington, D. C., with whom Leonard A. Block, Washington, D. C., was on the brief, for appellants in Nos. 1780, 1781 and 1782, and for appellees in Nos. 1783, 1784 and 1785.

Cornelius H. Doherty, Washington, D. C., for appellee in Nos. 1780, 1781 and 1782, and for appellant in Nos. 1783, 1784 and 1785.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

These are appeals and cross-appeals in three actions brought by O'Brien, Lee and Meade against Rice. The actions arose out of the administration of the estate of Lillian C. Bibb. O'Brien, Lee and Meade were the principal beneficiaries and residuary legatees under the Bibb will. Rice, an attorney, was co-executor of the will. Under the will one piece of real estate was devised specifically to O'Brien and Lee and four other pieces were devised by the residuary clause to O'Brien, Lee and Meade. An arrangement, the terms of which are disputed, was made by O'Brien, Lee and Meade with Rice that he would manage the real estate, looking after the rentals and repairs and negotiating for sales. His management continued over a period of years, during which time he collected rents; expended various sums on account of the property, negotiated sales and made remittances to the three owners. Eventually he submitted a statement purporting to show that the three owners were indebted to him in various sums for his fee or commission and for monies he had advanced in the handling of the property. The owners questioned the amount of Rice's fee. He contended that he had an agreement with them for a fee of ten per cent of the value of the real estate.[1] They denied any spe-

---

1. According to Rice one-third of this fee was payable to Meade. He and Meade, co-executors of the will, had agreed to a similar division of the executors' commission.

cific and separate agreement as to his fee with respect to the real estate and contended he misled them into believing he, as executor, was entitled to a ten per cent commission on both the personalty and the real estate. The parties were unable to reconcile their differences and the present actions were brought.

In these actions O'Brien, Lee and Meade each asked for recovery of a specific sum alleged to have been "paid to defendant for and on behalf of plaintiff." In his answers Rice admitted that certain sums, much smaller than those claimed, were due plaintiffs; but he also filed in each action a counterclaim asserting that each plaintiff was indebted to him for services in connection with the real estate. The three actions were consolidated for trial, and the reporter's transcript of more than four hundred pages reveals disputes between the parties as to many items and direct conflict of testimony as to the agreement respecting Rice's fee. Trial was by the court without a jury and the court made identical findings in each case, finding for the defendant on the plaintiffs' claims and for the plaintiffs on defendant's counterclaims. The court stated that its rulings were based upon "failure to sustain a burden of proof." All parties have appealed.

We must hold that the trial court did not properly dispose of the cases. Defendant admitted certain sums were due plaintiffs subject to his claim for a fee. Plaintiffs denied defendant's fee was in the amount he claimed, but admitted he was entitled to a reasonable fee for his services. A sum of nearly three thousand dollars is on deposit awaiting distribution when the conflicting claims of the parties are settled.

While the actions were brought for recovery of specific sums, it is clear that in effect they were actions for accounting. At the beginning of the trial counsel for plaintiffs stated: "Our suit is for the proper distribution of these funds among the three plaintiffs and the payment of the proper fee to Mr. Rice." Counsel for defendant stated: "Our suit is for the fees that Mr. Rice is entitled to receive based upon his return, and upon his deposits for the sale of these properties, and what he paid out under his agreement, and under the payments that were received from him." The only method of determining which party was entitled to recover and the amount of the recovery was by an accounting. It was undisputed that Rice, an attorney, had collected large sums of money which belonged to the plaintiffs in varying shares, subject to proper charges for expenditures by Rice including his own fee, whatever that might be. Under these circumstances plaintiffs were entitled to an accounting by Rice and "the burden is upon him to show that he has performed his trust and the manner of its performance. He owes this duty because of the confidential relation he bears to his principal, and because he is presumed to know how he has performed his duty." Cafritz v. Corporation Audit Co., D.C.D.C., 60 F.Supp. 627, 631, reversed in part on another ground, 81 U.S.App.D.C. 196, 156 F.2d 839. Necessarily as a part of the accounting there must be determined the amount of Rice's fee, and that requires determination of whether his fee is to be based on a percentage, as he claims, or on the reasonable value of his services, as plaintiffs claim.

The judgments with respect to both the claims and the counterclaims are reversed, and the cases remanded to the trial court to order an accounting by Rice, to take further testimony if necessary, and if necessary to refer the matter to a master.